**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NADIR JOHNSON, <br><br> Defendant. | Case No. 2:19-cr-00576 (BRM) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Nadir Johnson's ("Johnson") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 44.) Plaintiff the United States of America (the "Government") filed an opposition to Johnson's Motion. (ECF No. 48.) Having reviewed the parties' submissions filed in connection with the Motion, for the reasons set forth below and for good cause having been shown, Johnson's Motion is **DENIED**.

**I.   BACKGROUND**

On July 16, 2020, Johnson pleaded guilty to the count 1 of the indictment, charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 40 at 1.) The Court imposed a sentence of 90 months of imprisonment (*id.* at 2) and three years of supervised release (*id.* at 3). When Johnson filed his Motion on March 22, 2022, he had served approximately 14 months of his sentence, which began in January 2021. (*Id.* at 2.) Johnson is currently serving time at FCI Ray Brook. (ECF No. 44 at 4.)

On March 22, 2022, Johnson filed his Motion for Reduction of Sentence, alleging he is at an increased risk of death or serious illness if he is exposed to COVID-19, due to his obesity and

history of smoking. (ECF No. 44.) On April 11, Johnson filed a letter. (ECF No. 45.) On May 31, 2022, the Government opposed the Motion. (ECF No. 48.)

## II. LEGAL STANDARD

A district court may modify a sentence of imprisonment only in "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if the Court finds the following: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission has promulgated a policy statement, in relevant part, allowing a court to grant compassionate release or a sentence reduction upon a finding of (i) extraordinary and compelling reasons; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the Section 3553(a) factors, to the extent applicable ("Policy Statement"). *United States v. Williams*, No. 17-0379, 2021 WL 37536, at *2 (D.N.J. Jan. 4, 2021) (citing U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S. Sentencing Comm'n 2018)).

Neither Section 3582(c)(1)(A) nor the Policy Statement define the key terms "extraordinary and compelling," "apparently providing courts with some flexibility and discretion

to consider the unique circumstances of a motion for compassionate release." *United States v. Batista*, No. 18-415, 2020 WL 4500044, at *2 (D.N.J. Aug. 5, 2020) (appeal dismissed in *USA v. Batista*, No. 20-2746, 2021 WL 688971 (3d Cir. Feb. 4, 2021) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020))). The Sentencing Commission has defined the term "under the previous version of section 3582(c)(1)(A)," but it has not "updated its Policy Statement since the passage of the First Step Act." *United States v. Alexander*, No. 19-32, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020) (citing *Rodriguez*, 451 F. Supp. 3d at 397). Nevertheless, "the present Policy Statement provides useful guidance for district courts in identifying extraordinary and compelling reasons for a defendant's eligibility for compassionate release." *United States v. Gwaltney*, No. 17-00381, 2020 WL 5983161, at *2 (D.N.J. Oct. 8, 2020) (citations omitted) (appeal dismissed in *USA v. Gwaltney*, No. 20-3176, 2021 WL 1691886 (3d Cir. Feb. 24, 2021)).

"The Sentencing Commission's Policy Statement provides that a defendant may demonstrate extraordinary and compelling reasons for compassionate release based on: (1) the medical condition of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; or (4) for 'other reasons.'" *Id.*, at *5 (citing U.S.S.G. § 1B1.13 cmt. n.1). The defendant's "[m]edical [c]ondition," constitutes an extraordinary and compelling reason when:

> (i) The defendant is suffering from a terminal illness . . . ; [or]
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

"Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors." *United States v. Parnell*, No. 21-2312, 2022 U.S. App. LEXIS 510, at *3 (3d Cir. Jan. 7, 2022) (citations omitted).

### III.   DECISION

The Government concedes Johnson satisfied the statutory exhaustion requirement.[1] (ECF No. 48 at 8.) The Court, then, turns to the substance of the Motion.

#### A.   "Extraordinary and Compelling Reasons" and the Policy Statement

Johnson asserts his obesity and history of smoking as the reasons for his compassionate release. (ECF No. 44 at 4.) Johnson claims both conditions place him "at a[n] extraordinary high risk of death or serious illness should he now [be] exposed to the COVID-19 virus." (*Id.*) The Government contends Johnson's conditions do not constitute the type of extraordinary and compelling reasons necessary for relief. (ECF No. 48 at 8.)

The Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, the mere presence of COVID-19 in a prison does not entitle every offender with a medical condition to compassionate release. *See*, *e.g.*, *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020).

---

[1] Section 3582(c)(1)(A) provides a court entertain a motion for compassionate release "only after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See United States v. Johnson*, No. 21-2649, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (quoting 18 U.S.C. § 3582(c)).

Accordingly, "[f]or the prisoner's health to count as an extraordinary and compelling reason," Defendant must overcome a "high bar." *United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *1 (3d Cir. Apr. 20, 2022). Most importantly, the Third Circuit concluded "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *Id.* at *2 (citation omitted). Therefore, against the backdrop of the inmate's access to the COVID-19 vaccine, his refusal of the COVID-19 vaccine "undermines any claim that [the defendant's] risk of contracting the virus justified relief." *United States v. Rene*, No. 22-1642, 2022 WL 1793023, at *1 (3d Cir. June 2, 2022) (citation omitted). Courts consistently consider two components when inquiring about the existence of extraordinary and compelling reasons: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-0101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

"Relying on guidance from the [Centers for Disease Control ("CDC")[2]]," *United States v. Hicks*, No. 20-3512, 2021 WL 4316829, at *1 (3d Cir. Sept. 23, 2021), the Court finds obesity (a body mass index greater than 30) is listed as a condition that could increase the risk of an individual for severe COVID-19-related complications. According to the CDC guideline, Johnson's former smoker status could also conceivably increase the risk associated with COVID-19 infection. However, Johnson appears to have refused the vaccine. (ECF No. 48 at 8.) Accordingly, the Court finds Johnson cannot convincingly show he is "unable to receive or benefit from a vaccine" or that

---

[2] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 8, 2022).

he "remain[s] vulnerable to severe infection, notwithstanding the vaccine." *Estevez-Ulloa.*, 2022 WL 1165771, at 1 (citations omitted). Indeed, "[f]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Echevarria*, No. 21-3273, 2022 WL 1421169, at *1 (3d Cir. May 5, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Therefore, the Court concludes Johnson's speculated risk of illness from COVID-19 is not an extraordinary and compelling reason for his compassionate release.

The Court finds Johnson's complaints about conditions in the correctional facility are "generalized statements about the conditions of confinement [that] do not constitute compelling reasons for compassionate release." *United States v. Farmer*, No. 19-427, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) (denying compassionate release where defendant stated "that the conditions of his confinement have been particularly harsh and restrictive, marked by months of lockdowns, isolation in quarantine, fear of infection, and a lack of access to programming" (quotations and citations omitted)) (citations omitted). In other words, merely detailing "many inadequacies in [correctional facility's] response to the pandemic" does not warrant compassionate release. *United States v. Scalea*, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022).

In light of Johnson's refusal to get vaccinated, he has failed to identify a medical condition that renders him particularly vulnerable to serious consequences if infected with COVID-19. Additionally, he has not identified specific conditions in the institute that would increase the likelihood of COVID-19 infection. Therefore, Johnson does not meet the required "extraordinary and compelling" standard for his sentence reduction. *See United States v. Thomas*, No. 21-1645, 2022 WL 296594, at *1 (3d Cir. Feb. 1, 2022) ("District courts routinely deny compassionate release to inmates who refuse the COVID-19 vaccine because they have voluntarily failed to

mitigate the very health concerns they identify in support of an early release.") (citing cases).

### B. Section 3553(a) Factors

Even if the Court were to find extraordinary and compelling reasons were present, Johnson has not demonstrated compassionate release would be appropriate under Section 3553(a). 18 U.S.C. § 3582(c)(1)(A).

Johnson claims he "has taken substantial steps during his incarceration to achieve rehabilitative goals completing numerous recidivism-reducing and personal growth programs." (ECF No. 45 at 4.) He also claims he "served enough of his sentence." (*Id.*) The Government counters that the nature and circumstances of the offense and the inherent seriousness of the offense do not warrant relief. (ECF No. 48 at 12.) The Court agrees with the Government and concludes the Section 3553(a) factors favor continued confinement.

The Court applauds Johnson's effort to rehabilitate his character while incarcerated. Nonetheless, the Court finds the applicable sentencing factors under Section 3553(a) do not indicate granting Johnson's motion for compassionate release and reducing his sentence would be appropriate. The Court agrees with the Government that the nature and circumstances of Johnson's offense are serious. (ECF No. 48 at 12.) Johnson pled guilty to possession of a loaded firearm while engaging in narcotics sales despite having sustained multiple felony convictions. (ECF No. 40 at 1.) The Court concludes Johnson's serious offense requires "a significant period of incarceration," *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020), and the Court's conclusion remains the same as when the Court sentenced Johnson. *See Moor*e, at *7–8 (denying compassionate release based on section 3553(a) factors although defendant only had four months remaining on sentence for being a convicted felon in possession of a firearm). And the Court concludes even assuming Johnson will get his full good time credit, his projected release date is

May 23, 2027, which means Johnson still has a significant portion of his sentence remaining. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (holding the time remaining on a defendant's sentence is an appropriate factor to consider for compassionate release). Indeed, Johnson merely served fourteen months of his ninety-month statutory sentence when he filed his motion. (ECF No. 45 at 4.) Accordingly, because Johnson has failed to demonstrate the applicable sentencing factors under Section 3553(a) indicate reducing his sentence would be appropriate, the Motion must be **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, Johnson's Motion is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2022